GRACE GOFORTH RIDDLE v. WILLIAM WILDE AND ABNER WILDE, HERBERT LUNSFORD AND HIS GUARDIAN AD LITEM, CARL LUNSFORD.

(Filed 9 April, 1958)

**Appeal and Error § 3—**

Upon special appearance by additional defendants joined under G.S. 1-240, and motion by them to dismiss for want of valid service, the court ordered new process to be served upon them. *Held:* The judgment did not attempt to adjudicate the validity of the previous service, nor was the efficacy of the new process then justicable, and therefore the order affected no substantial right of the additional defendants and their appeal therefrom is dismissed.

APPEAL by Herbert Lunsford and Carl Lunsford, guardian ad litem, from *Froneberger, J.,* October Term 1957, of MADISON.

This appeal is from Judge Froneberger's order of October 30, 1957,

"That *a new summons* be issued by the Clerk of the Superior Court of Madison County, and that said summons, together with a copy of the original summons, complaint, answer, cross-action, order dated November 2, 1956, making said Herbert Lunsford a party defendant in the above-entitled action, and a copy of this order, be served upon the said Herbert Lunsford and his Guardian Ad Litem, Carl Lunsford." (Our italics)

On May 23, 1956, on a public highway in Madison County, plaintiff sustained personal injuries when the car in which she was riding, then operated by Herbert Lunsford, collided with a car operated by William Wilde.

On July 26, 1956, plaintiff instituted this action against William Wilde and Abner Wilde, the father of William Wilde and the owner of the car he was operating.

The Wildes answered, alleging, *inter alia*, a cross-action against Herbert Lunsford for contribution and moving that Herbert Lunsford be joined as an additional defendant under G.S. 1-240.

On November 2, 1956, Judge Pless made Herbert Lunsford a party defendant and ordered that process be served on him.

On June 24, 1957, Judge Nettles, based on recitals that the only prior service on Herbert Lunsford, to wit, service on April 27, 1957, was defective because "not completed upon said defendant within 90 days from the date of its issuance (January 19, 1957) or from the date of the last notation on said summons (no notation)," appointed Carl Lunsford, his father, as guardian ad litem for Herbert Lunsford, and ordered that a *new* summons be issued for service upon Herbert Lunsford and upon Carl Lunsford, his guardian ad litem.

Pursuant to Judge Nettles' order, a summons issued on July 1, 1957, for Carl Lunsford, was served July 9, 1957; a separate summons issued July 1, 1957, for Herbert Lunsford, was returned unserved; another summons issued July 13, 1957, for Herbert Lunsford, bearing the notation "alias summons," was returned unserved; another summons issued August 23, 1957, for Herbert Lunsford, bearing the notation "alias summons," was served on Herbert Lunsford on August 28, 1957, together with copies of "orders, complaint and answer. . . ."

Carl Lunsford, guardian ad litem, and Herbert Lunsford, under special appearances, separately challenged the validity of the purported service. Carl Lunsford, guardian ad litem, moved that the purported service on him be quashed. Each moved "That the summons and cross-action relating to Herbert Lunsford, be abated and dismissed."

Confronted by this state of affairs, Judge Froneberger signed the order of October 30, 1957, which, in pertinent part, is quoted above.

Herbert Lunsford, and Carl Lunsford, guardian ad litem, excepted and appealed.

*Williams & Williams and Bruce J. Brown for defendants Herbert Lunsford and Carl Lunsford, appellants.*

*Uzzell & DuMont for defendants William Wilde and Abner Wilde, appellees.*

PER CURIAM. Judge Froneberger made no ruling as to whether the purported service previously made on Herbert Lunsford and on Carl Lunsford, guardian ad litem, was sufficient to confer jurisdiction. Instead, he ordered that new process be issued and served.

If the service previously made was sufficient to confer jurisdiction, the order and service pursuant thereto would not adversely affect appellants.

If, as appellants contend, the purported service previously made was void, the order for *new process,* to implement Judge Pless' order of November 2, 1956, was appropriate; for, under G.S. 1-240, the original defendants, who alleged that, if liable at all, they and Herbert Lunsford were liable as joint tort-feasors, were entitled, upon motion, "at any time before judgment is obtained," to "have the other joint tort-feasors (Herbert Lunsford) made parties defendant."

The process ordered by Judge Froneberger, being new process, will have the same status as if it were the first process issued to implement Judge Pless' order of November 2, 1956. Whether this new process, *if served,* would be subject to successful attack, either on the ground that the appointment of Carl Lunsford as guardian ad litem is defective or otherwise, would be for consideration in the light of conditions then existing, without prejudice on account of Judge Froneberger's order.

On account of appellants' failure to show that they are presently aggrieved by an order adversely affecting any substantial right, their appeal from Judge Froneberger's said order is dismissed.

Appeal dismissed.